UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

    Plaintiff,

vs.

EL PRADO CORP d/b/a El Prado Restaurant y Bakery,
HAYDAY, INC.,
CSP COMMERCIAL I, LLC, and
CSP MF COMMUNITIES I, LLC

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant El Prado Corp doing business as El Prado Restaurant y Bakery, Defendant Hayday, Inc., Defendant CSP Commercial I, LLC and Defendant CSP MF Communities, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant El Prado Corp. (also referenced as "Defendant Prado Corp," "operator," or "lessee") is a Florida for profit corporation which is the owner and operator of the El Prado Restaurant y Bakery which is located within the Central Shopping Plaza with the specific address of 3707 NW 7 Street, Miami Florida 33126.

6. Defendant Hayday, Inc. is a Florida for profit corporation which is the owner of the land and initial structures situated on commercial property known as Folio 01-3132-019-0010[1] which is commonly known as Central Shopping Plaza. On or about December 29, 2020 Hayday, Inc. executed two Special Warranty Deeds for Improvements Only to the two co-owners delineated at paragraphs 7 and 8; Hayday, Inc. is one of the three co-owners of Folio 01-3132-019-0010. Hayday, Inc. is also referenced as "Defendant Hayday," "co-Owner," or (along with the other named defendants) as "Owners."

7. CSP MF Communities I, LLC is a Florida limited liability company which is,

---

[1] Hayday, Inc is also Owner (along with other Owners listed herein), part owner of the adjoining property Folio 01-3132-019-0014 and 01-3132-019-00103.

by virtue of a Special Warranty Deed for Improvements Only[2], the owner of certain improvements on commercial property known as Folio 01-3132-019-0010[3] (Central Shopping Plaza), within which the El Prado Restaurant y Bakery is located. CSP MF Communities I, LLC is also referenced as "Defendant Communities," "co-Owner," or (along with the other named defendants) as "Owners."

8. CSP Commercial I, LLC is a Florida limited liability company which is, by virtue of a Special Warranty Deed for Improvements Only[4], a part owner of certain improvements on commercial property known as Folio number 01-3132-019-0010[5] (Central Shopping Plaza), within which the El Prado Restaurant y Bakery is located. CSP Commercial I, LLC is also referenced as "Defendant Commercial," "co-Owner," or (along with the other named defendants) as "Owners."

## FACTS

9. On information and belief, Defendants Hayday, Communities and Commercial have been leasing a portion of the Central Shopping Plaza to Defendant Prado Corp who in turn has operated its El Prado Restaurant y Bakery within that leased space.

10. El Prado Restaurant y Bakery specializes in Cuban cuisine and baked goods and is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2) since it is "a restaurant, bar, or other establishment serving food or drink." The

---

[2] On or about December 29, 2020 Hayday, Inc. executed two Special Warranty Deeds for Improvements Only. One Special Warranty Deed for Improvements Only named CSP MF Communities I, LLC as owner of certain improvements within the Central Shopping Plaza.

[3] Also, per the Special Warranty Deed the owner of improvements on the adjoining property Folio 01-3132-019-0014

[4] On or about December 29, 2020 Hayday, Inc. executed two Special Warranty Deeds for Improvements Only. One Special Warranty Deed for Improvements Only named CSP Commercial I, LLC as owner of certain improvements within the Central Shopping Plaza.

[5] Also, per the Special Warranty Deed the owner of improvements on the adjoining property Folios 01-3132-019-00103 and 01-3132-019-0014

3

El Prado restaurant y bakery is also referenced as a "restaurant" or "place of public accommodation."

11. At all times material hereto, Defendant Prado Corp was (and is) a company owning and operating the El Prado restaurant y bakery located within the Central Shopping Plaza at 3707 NW 7 Street, Miami Florida 33126 which is open to the public. As the owner and operator of a restaurant which is open to the public, Defendant Prado Corp is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a supermarket; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

12. On February 21, 2022 Plaintiff went to that restaurant to purchase a meal and dine therein and to test the public accommodation for compliance with the ADA/ADAAG.

13. Due to the fact that he perambulates with the assistance of a wheelchair, when Plaintiff was perambulating to the restaurant, Plaintiff met barriers to access due to the uneven parking service of the assessable parking spaces and while dining within the restaurant, Plaintiff had occasion to use the restroom and while in the restroom encountered multiple areas of inaccessibility.

14. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of that restaurant (Defendant Prado Corp) and by the owner of the commercial property which houses the restaurant (Defendants Hayday, Communities and Commercial).

15. Defendant Prado Corp is well aware of the ADA and the need to provide for equal access in all areas of its restaurant. Therefore, its failure to reasonably accommodate

mobility impaired and disabled patrons by insuring that its restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

16. As the owners of the Central Shopping Plaza, part of which open to the public as the El Prado Restaurant y Bakery, Defendants Hayday, Communities and Commercial are also each a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2). As investors and owners of commercial property being used as various places of public accommodation, Defendants Hayday, Communities and Commercial are each aware of the ADA and the need to provide for equal access in all areas of Central Shopping Plaza which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons within Central Shopping Plaza by insuring that it is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

17. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

18. Plaintiff continues to desire to test and/or patronize the El Prado Restaurant y Bakery but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

19. Any and all requisite notice has been provided.

20. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of

5

this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

21. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

22. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

23. Prior to the filing of this lawsuit, Plaintiff personally visited the El Prado Restaurant y Bakery to enjoy a meal and test the public accommodation for compliance with the ADA/ADAAG, however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

24. Defendant Prado Corp (operator of the El Prado Restaurant y Bakery) and Defendants Hayday, Communities and Commercial (joint owners of Central Shopping Plaza within which that restaurant is located) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations in derogation of 42

U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

25. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the El Prado Restaurant y Bakery.

26. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

27. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

28. That portion of the Central Shopping Plaza which is leased to Defendant Prado Corp is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.* Defendants are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i. As to Defendant Prado Corp (lessee/operator) and Defendants Hayday, Communities and Commercial (joint owners of the property) (jointly and severally), Plaintiff had difficulty exiting his vehicle, as the designated accessible parking spaces are located on an excessive slope due to uneven surface caused by lack of maintenance. Failure to provide accessible means of egress from the accessible parking spaces to the

restaurant is a violation of 2010 ADA Standards for Accessible Design Sections 207.1 (general compliance with building codes), 502.4 and Section 403.3. Section 403.3 states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped.  As for slope of the parking spaces themselves, Section 502.4 states that parking spaces shall comply with Section 302 Changes in level are not permitted.  Defendants are also in violation of Section 4.6.3 of the ADAAG which states that parking spaces shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

ii. As to Defendant Prado Corp (lessee/operator) and Defendants Hayday, Communities and Commercial (joint owners of the property) (jointly and severally), Plaintiff was exposed to be hit by the restroom door by other customers, as the door swings into lavatory clear floor space which is a violation of Section 4.19.3 of the ADAAG and Section 606.2 of the 2010 ADA Standards for Accessible Design. Section 4.19.3 states that clear floor space must comply with Section 4.2.4 and allow for a forward approach in front of a lavatory shall be provided with dimensions of: 30 in by 48 in (760 mm by 1220 mm). Section 606.2 states that clear floor space must comply with Section 305 (30 inches minimum by 48 inches minimum) positioned for a forward approach.

iii. As to Defendant Prado Corp (lessee/operator) and Defendants Hayday, Communities and Commercial (joint owners of the property) (jointly and severally), Plaintiff could not enter into the restroom without assistance as the door clear width is not provided.

      The fact that the doorway opening does not have the required clear width is a violation of Section 4.13.5 of the ADAAG and Section 404.2.3 of the 2010 ADA Standards for Accessible Design. Section 4.13.5 and Section 404.2.3 state that doorways must have a minimum clear opening of 32 in (815 mm) with the door open 90 degrees (as depicted at Figs. 24(a), (b), (c), and (d)).

iv. As to Defendant Prado Corp (lessee/operator) and Defendants Hayday, Communities and Commercial (joint owners of the property) (jointly and severally), Plaintiff could not use the restroom without assistance, as the required clear floor space was not provided due to the dimensions. Failure to provide compliant clear floor space in the restroom is a violation of Sections 4.2.3 and 4.22.3 of the ADAAG and Sections 304.3 and 603.2 of the 2010 ADA Standards for Accessible Design. Section 4.22.3 states that an unobstructed turning space must comply with Section 4.2.3 within an accessible toilet room. Section 4.2.3 and Section 304.3 give the dimensions of wheelchair turning space as the space required for a wheelchair to make a 180-degree turn being clear space of 60 in (1525 mm) diameter (Sec 4.2.3 Fig. 3(a)) or a T-shaped space (Sec 4.2.3 Fig. 3(b)).

v. As to Defendant Prado Corp (lessee/operator) and Defendants Hayday, Communities and Commercial (joint owners of the property) (jointly and severally), Plaintiff could not enter the toilet compartment area without assistance, as the required door clear width is not provided. The fact that the doorway opening does not have the required clear width is a violation of Section 4.13.5 of the ADAAG which states that doorways shall have a minimum clear opening of 32 in (815 mm) with the door open 90 degrees, measured between the face of the door and the opposite stop (Fig. 24 (a),

(b), (c), and (d)). Openings more than 24 in (610 mm) in depth shall comply with 4.2.1 and 4.3.3 (Fig. 24 (e)). This is also a violation of Section 404.2.3 of the 2010 ADA Standards for Accessible Design which states that door openings shall provide a clear width of 32 inches minimum.

vi. As to Defendant Prado Corp (lessee/operator) and Defendants Hayday, Communities and Commercial (joint owners of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required floor clear width is not provided because of the encroaching urinal over the water closet. This is a violation of Section 4.13.5 of the ADAAG which states that doorways shall have a minimum clear opening of 32 in (815 mm) with the door open 90 degrees, measured between the face of the door and the opposite stop (Fig. 24 (a), (b), (c), and (d)). Openings more than 24 in (610 mm) in depth shall comply with 4.2.1 and 4.3.3 (Fig. 24 (e)). This is also a violation of Section 404.2.3 of the 2010 ADA Standards for Accessible Design which states that door openings shall provide a clear width of 32 inches minimum. This is also a violation of Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall). This is also a violation of Section 4.17.3 which states that the arrangement of the stall must comply with specification supplied in Figures within Section 4.17.3, which the instant toilet compartment does not comply.

vii. As to Defendant Prado Corp (lessee/operator) and Defendants Hayday, Communities and Commercial (joint owners of the property) (jointly and severally), Plaintiff could

        not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall).

viii. As to Defendant Prado Corp (lessee/operator) and Defendants Hayday, Communities and Commercial (joint owners of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided because the door swings into the toilet compartment clear floor space. This is a violation of Section 4.16.2 of the ADAAG and Section 604.3.2 of the 2010 ADA Standards for Accessible Design.

ix. As to Defendant Prado Corp (lessee/operator) and Defendants Hayday, Communities and Commercial (joint owners of the property) (jointly and severally), Plaintiff could not flush the toilet without assistance, as the toilet compartment water closet flush control is not mounted on the open side of the water closet which is in violation of Section 4.16.5 of the ADAAG which states that flush controls shall be mounted on the wide side of toilet areas no more than 44 in (1120 mm) above the floor and shall comply with Section 4.27.4 in that they shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The non-compliant flush control is also in violation of Section 604.6 of the 2010 Standards for

        Accessible Design which states that flush controls shall be located on the open side of the water closet (except in ambulatory *accessible* compartments complying with Section 604.8.2).

x. As to Defendant Prado Corp (lessee/operator) and Defendants Hayday, Communities and Commercial (joint owners of the property) (jointly and severally), Plaintiff could not use the soap dispenser outside the stall without assistance, as the lavatory soap dispenser is at an inaccessible height, in violation of 28 C.F.R. Part 36. The soap dispenser is not mounted in accordance with the forward reach guidelines delineated at Section 4.2.5 (Fig 5) of the ADAAG. This is also a violation of the 2010 ADA Standards for Accessible Design, specifically Section 606.1 which states that when soap and towel dispensers are provided, they must be within the reach ranges specified in Section 308.2.1. This section states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finished floor or ground.

29. Pursuant to 42 U.S.C. §12101et seq. and 28 C.F.R. §36.304, Defendants have been required to make the El Prado Restaurant y Bakery commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

30. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant located therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant El Prado Corp (operator of the El Prado Restaurant y Bakery) and Defendants Hayday, Inc., CSP Commercial I, LLC and CSP MF Communities, LLC (joint owners of the commercial property) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the Central Shopping Plaza commercial property and the El Prado Restaurant y Bakery located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 15th day of March 2022.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*